In re James Anderson KELLEY, a/k/a James A. Kelley, Bankrupt.

Harold O. TELSTAD, Trustee in Bankruptcy for Virginia Construction Specialties, Inc., Plaintiff-Appellee,

v.

James Anderson KELLEY, a/k/a James A. Kelley, Defendant-Appellant.

No. 76–173–NN.

United States District Court,
E. D. Virginia,
Newport News Division.

Jan. 3, 1978.

Jerrold G. Weinberg, Stackhouse, Weinberg & Stewart, Norfolk, Va., for plaintiff-appellee.

Billy C. Brooks, Newport News, Va., for defendant-appellant.

## MEMORANDUM OPINION AND ORDER

CLARKE, District Judge.

This matter comes before the Court on appeal by defendant from an order of United States Bankruptcy Judge Hal J. Bonney, Jr., which provided that a debt of defendant to a corporation formerly owned and operated by defendant and now also bankrupt, was not discharged in defendant's bankruptcy and further provided that judgment be entered in favor of the corporation's trustee in bankruptcy against the defendant in the amount of $65,431.56. Jurisdiction of this Court is based on 28 U.S.C. § 1334; Bankruptcy Act § 17(a)(4), 11 U.S.C. § 35(a)(4); and Bankruptcy Rule 801.

I

Both the legal and factual issues in this case, if not the identical parties, have been before this Court previously in *Kelley v. Conwed Corporation*, 429 F.Supp. 969 (E.D. Va.1977). As was noted at that time, the historical facts of this case are not in dispute. The defendant-bankrupt was, during 1975, president and sole stockholder of Virginia Construction Specialties, Inc. (hereinafter Specialties) now bankrupt. At that time, he was also the president and dominant stockholder of VCS Plastering, Inc. (hereinafter VCS), which is still conducting

business. On the last three business days of Specialties' existence, December 29–31, 1975, defendant paid himself $10,369.10 out of corporate funds. In addition, during 1975 defendant caused Specialties which was then insolvent to pay a net total of $32,186.16 to VCS, defendant's solvent corporation. Defendant also endorsed over to VCS three checks payable to Specialties from Ranger Construction Company. These checks totaled $22,876.30.

In *Kelley v. Conwed Corp.*, supra at 971–72, this Court found, *inter alia* :

. . . there can be little doubt that the defendant did use his position as president of Specialties to favor himself and his controlled creation VCS as creditors over the other creditors of Specialties, including plaintiff among others. The findings of the Bankruptcy Judge in this regard are amply supported by the record.

. . . . .

There is no question but that the defendant's actions created a claim against him in the amount misappropriated by him on behalf of the corporation or its trustee.

. . . . .

. . . the defendant violated a duty which gave Specialties a claim against him.

In the case just quoted from this Court reversed a judgment against Kelley (also the defendant in the present case) because we held that although Specialties had a claim against Kelley, Conwed Corporation as an individual creditor of Specialties was not the proper party to present this claim. The case was remanded so that the Bankruptcy Court could consider reopening the bankruptcy of Specialties to permit the presentation by Specialties' trustee of the claim of misappropriation against defendant. Any recovery would be for the benefit of all the corporation's creditors.

On remand, the Bankruptcy Judge did decide to reopen Specialties' bankruptcy and the proceeding, that resulted in the order appealed herein, followed.

## II

§ 17 of the Bankruptcy Act, 11 U.S.C. § 35, provides in pertinent part:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer, or in any fiduciary capacity.

The Bankruptcy Judge found that transfers from Specialties' corporate funds of $10,369.10, $32,186.16 and $22,876.30 to defendant or corporations controlled by defendant while defendant was the controlling officer of Specialties and knew of its insolvency amounted to misappropriation by defendant while acting in a fiduciary capacity within the meaning of § 17 of the Bankruptcy Act, 11 U.S.C. § 35. A Bankruptcy Judge's findings of fact will be accepted unless "clearly erroneous" and due regard is to be given the opportunity of the judge to weigh the credibility of the witnesses. Bankruptcy Rule 810. After examining the entire record, the ruling and order of the Judge below and the briefs and oral argument of counsel, the Court is satisfied that substantial evidence supports the findings of fact of the Bankruptcy Judge. These findings if not his conclusions of law have already been affirmed by this Court in *Kelley v. Conwed Corp., supra*. The Bankruptcy Judge's findings on remand were in effect, the third time it has been determined that defendant misappropriated funds within the meaning of § 17 of the Bankruptcy Act. Although this well may have been a proper case for plaintiff to invoke the doctrine of collateral estoppel against the defendant, the Court has not based its disposition on its prior holding in *Kelley v. Conwed, supra*, but has fully reviewed the testimony and the findings of Judge Bonney on remand and has redetermined the correctness of the lower court's ruling.

Lastly, defendant's argument that his deposition taken in the course of pretrial discovery in *Kelley v. Conwed* should not have been admitted into evidence in the

present case is clearly unsound. The prior case covered the same subject matter as is involved here. Defendant's statements although hearsay were relevant to this case and admissible under Rule 801(d)(1) and (d)(2)(A), of the Federal Rules of Evidence.

For the foregoing reasons, the Order appealed from is AFFIRMED.